**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:15CR445** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **TAMELA M. LEE,** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **Defendant.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

This matter is before the Court on Defendant Tamela  M. Lee's Motion to Dismiss

Charges (ECF # 70) and Omar Abdelqader's Notice to Join Co-Defendant Lee's Motion to

Dismiss (ECF # 71).  The Government has responded and the Defendant has replied.  For the

following reasons, the Court denies Defendant's Motion.

**I.      Background**

On December 8, 2015, a six-count Indictment was filed against the Defendant.  On

August 2, 2016, Defendant moved to dismiss Counts 1-4 which charged Defendant with

Conspiracy to Commit Honest Services Mail and Wire Fraud, Honest Services Mail Fraud,

Hobbs Act Conspiracy, and Hobbs Act Extortion.  Defendant seeks dismissal of these charges

based on the United States Supreme Court's decision in *McDonnell v. United States*, 136 S.Ct. 2355 (2016).

## II. Standard of Review

In order to survive dismissal, "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged..." FED R. CRIM. P. 7(c)(1). An indictment is generally deemed sufficient if it tracks the language of the statute. *United States v. Horton*, 580 F. App'x 380, 383 (6th Cir. 2014) (citing *Hamling v. United States*, 418 U.S. 87, 114 (1974)). Additionally, the Indictment must also assert facts which constitute an offense and, if proven, would establish prima facie the defendant's commission of that crime. *United States v. Maney*, 226 F.3d 660, 663 (6th Cir. 2000).

## III. Discussion

Defendant states that both Honest Services Fraud and Hobbs Act violations require an "official act." As a result, Defendant seeks dismissal of the first four counts of the Indictment stating that the Government fails to allege an "official act" under the federal bribery statute, 18 U.S.C. § 201, as interpreted by the *McDonnell* Court. The term "official act" is defined as "any decision on any question, matter, cause, suit, proceeding, or controversy, which at any time may be pending, or which may by law be brought before any public official, in such official's capacity, or in such official's place of trust or profit." 18 U.S.C. § 201(a)(3).

### 1. The Supreme Court interpretation of "official act" in *McDonnell*

In *McDonnell*, the Supreme Court clarified the language set forth within the bribery statute. The facts of the case involved an indictment of former Virginia Governor Robert

2

McDonnell who, along with his wife, allegedly accepted $175,000 in loans, gifts and other benefits from Johnnie Williams, a Virginia businessman, in exchange for helping Williams obtain research studies with state universities to develop nutritional supplements. *McDonnell*, 136 S.Ct. at 2361. Charges against McDonnell included Honest Services Fraud and Conspiracy to Commit Honest Services Fraud in violation of 18 U.S.C. §§ 1343 and 1349 as well as Hobbs Act Extortion in violation of 18 U.S.C. § 1951(a). *Id.*, at 2365. The charges were based upon the theory that Governor McDonnell had accepted bribes from Williams.

The parties agreed to define "Honest Services Fraud" with reference to the federal bribery statute, 18 U.S.C. § 201. This statute is violated when "a public official corruptly demands, seeks, receives, accepts, or agrees to receive or accept anything of value" in return for "being influenced in the performance of any official act." § 201(b)(2). Further, the term "official act" encompasses "any decision or action on any question, matter, cause, suit, proceeding or controversy, which at any time may be pending, or which may by law be brought before any public official, in such official's capacity, or in such official's place of trust or profit." § 201(a)(3).

In *McDonnell*, the Government alleged that Governor McDonnell had committed five "official acts."[1] The Government argued that Congress had used intentionally broad language when drafting the statute, encompassing nearly any activity of a public official. 136 S. Ct. at

---

[1] The official acts alleged were: (1) arranging meetings for Williams with Virginia government officials; (2) hosting and attending events; (3) contacting government officials to encourage Virginia state research universities to initiate studies; (4) promoting the products of Williams' company and inviting business associates to the Governor's Mansion; and (5) recommending that government officials meet with executives of Williams' company to discuss the company's products.

3

2367.  The Supreme Court rejected that argument, instead adopting a more bounded interpretation where simply setting up a meeting or calling a public official, standing alone, does not constitute an "official act." *Id.* at 2368.  Rather, the Supreme Court held there are two requirements for an official act.  First, the Government must identify a "question, matter, cause, suit, proceeding, or controversy." *Id.* at 2371.  The "question, matter, cause, suit, proceeding or controversy" must involve an exercise of government power that is similar in nature to a lawsuit, a determination before an agency, or a hearing before a committee. *Id.* at 2372.  The action must be something specific and focused which is pending and "may by law be brought" before a public official.[2] *Id.*  Second, the public official must either take action on the "question, matter, cause, suit, proceeding, or controversy" or agree to do so.[3] *Id.*  The action may include using one's official position to exert pressure on another official to perform an "official act" or advising another official knowing or intending that the basis of an "official act" will be made based off the advice. *Id.*

The *McDonnell* Court first inquired as to whether a typical meeting, call, or event is a "question, matter, cause, suit, proceeding, or controversy."  According to the Supreme Court, the words "cause," "suit," "proceeding" and "controversy" connote a formal exercise of governmental power, such as a lawsuit, hearing, or administrative determination. *Id.* at 2368.  Holding that a typical meeting, call, or event does not fit into a formal exercise of governmental power, the Court ruled that it would not qualify as a "question" or "matter"

---

[2]     The court in *United States v. Jones*, 2016 WL 5108013, at *3 used the term "identification requirement" to describe the first requirement of an "official act."

[3]     This requirement is described as the "performance requirement" in *Jones*.

under the statute. *Id.* at 2369.  The Court then stated the next step is to look at whether arranging a meeting, contacting another official, or hosting an event may qualify as a decision or action on a different question or matter. *Id.*  The bribery statute specifies that a public official must make a decision or take an action on the question or matter or agree to do so. *Id.* at 2370.  It would be a violation of the statute if the public official used his or her position to exert pressure on another official to perform an "official act." *Id.*  Additionally, "if a public official uses his official position to provide advice to another official, knowing or intending that such advice will form the basis for an "official act" by another official, that too can qualify as a decision or action for purposes of § 201(a)(3)." *Id.* (citing to *United States v. Birdsall*, 233 U.S. 223, 234 (1914)).  Further, a public official is not required to actually make a decision or take action, it is simply enough that the official agree to do so.  *McDonnell*, 136 S. Ct. at 2370-71.  If the official agreed to exert that pressure or give advice in exchange for a thing of value, that would be illegal. *Id.*

    **2.**       **The Interpretation of "Official Act" as Applied to Defendant**

The Government argues that the Indictment sets forth six questions or matters on which Defendant sought to influence:

> (1-2) whether a Summit County judge would render a favorable decision to two different defendants in two different cases;
>
> (3) whether a City of Akron Prosecutor should initiate criminal charges against an individual;
>
> (4) whether Summit County Children and Family Services properly removed two minor children from their homes;
>
> (5) whether the Ohio Liquor Control Commission would issue a liquor license to a person with drug and food stamp violations; and

5

(6) whether the Internal Revenue Service (IRS) would elect to pursue federal criminal charges against an individual as a result of its investigation.

In order for the above "questions or matters" to meet the first prong, *McDonnell*, requires that they "may at any time be pending" or "may by law be brought" before a public official. *McDonnell*, 136 S. Ct. at 2368.  The Government alleges that because all questions and matters include a formal exercise of governmental power they meet the first requirement. (Doc. 78, Govt. Opp., Page ID 363).  Further, at oral arguments, Defendant stated that alleged acts were "official acts" but stressed that Defendant did not have the ability to exert pressure or have any leverage over the decision maker and therefore could not be culpable.  This argument speaks to the second prong in *McDonnell*, the performance requirement.  As a result, the Indictment sufficiently pleads the identification requirement of an "official act."

Both parties agreed that the performance requirement requires either that the official exerted pressure on another official to act in their official capacity or provided advice to another official, forming the basis for an official act. (Doc. 70, Mot. To Dism., Page 318); (Doc. 78, Govt. Opp., Page 364).  However, Defendant states the "providing advice" option is limited to public officials who have an advisory role in relation to the other official. Defendant also states the "exerting pressure" option requires an official to have authority or leverage over the other official as well as a showing that exerting leverage was used to threaten.  Subsequently, Defendant states that the Indictment is faulty as it does not allege any of the aforementioned scenarios.  However, Defendant's argument fails for several reasons.

The performance requirement "specifies that the public official must make a decision or take an action *on* [the] question or matter, or agree to do so." *McDonnell*, 136 S. Ct. at 2370 (emphasis in original).  If a public official uses his or her official position to provide

6

advice to another official either knowing or intending the advice to form the basis of an official act, that can qualify as taking action on a matter under § 201(a)(3). *Id.* Further, it is not required that the official actually make a decision or take an action; it is merely enough that the official agree to do so. *Id.* at 2370-71.  The *McDonnell* decision makes no mention that the public official providing the information must be in an advisory role.

Additionally, there can be a violation of § 201(a)(3) when a public official exerts pressure on another official to perform an official act. *Id.* at 2371.  While the Court in *McDonnell* states that a *typical* "meeting, call, or event" does not constitute any official act, a meeting or phone call on a question or matter pending before another official could serve as evidence of an agreement to take an official act. *Id.*  From this information, a jury may conclude that the official was attempting to pressure or advise another official and, under these circumstances, if the first official agreed to exert the pressure for a thing of value, that would be illegal. *Id.*  Defendant states that in these hypothetical situations leverage is a requirement.  However, *McDonnell* did not require a finding of leverage and this Court declines to extend that decision to include a requirement of leverage.  In *McDonnell*, the Supreme Court specifically found that Governor McDonnell had not agreed to exert pressure on another public official, which was one of the reasons why the Governor ultimately prevailed.

As a result, to satisfy the performance requirement, the Government must allege in the Indictment that Defendant either exerted pressure on another official or advised another public official, knowing or intending that the advice would form the basis of an official act. Count 1 of the Indictment, which tracks the statutory language, alleges that Defendant Lee

promised to provide favorable official action in exchange for things of value. (Doc. 3, Indictment, Page ID 9-11).  Count 2, which also tracks the statutory language, alleges that Defendant and co-Defendant Omar Abdelqader aided and abetted one another and intended to devise a scheme and artifice to defraud and deprive Summit County of the honest services of Defendant by means of materially false and fraudulent pretenses, representartions, promises, and material omissions. (Doc. 3, Indictment, Page ID 32-33).  Counts 3 and 4, which also track the statutory language, require the Government to "show that a public official has obtained a payment to which [she] was not entitled, knowing that the payment was made in return for official acts." *Ocasio v. United States*, 136 S. Ct. 1423, 1428 (2016) (citing to *Evans v. United States*, 112 S. Ct. 1881 (1992)).  The Indictment alleges at various points that Defendant was given money for different actions which formed the basis of the official acts alleged by the Government.

The Indictment must assert facts which, if proven, would establish prima facie the defendant's commission of that crime. *Maney*, 226 F.3d at 663.  However, it will be up to the jury "to determine whether the public official agreed to perform an 'official act' at the time of the alleged *quid pro quo*.  The jury may consider a broad range of pertinent evidence, including the nature of the transaction, to answer that question." *McDonnell*, 136 S. Ct. at 2371.  A jury may also conclude that an agreement was reached if evidence shows that a public official received a thing of value with an expectation that an official act would be performed as a result. *Id*.  The Indictment need only allege facts which, if proven, would allow a jury to find that there was an agreement in exchange for an official act.

**IV.    Conclusion**

8

As a result, the Court finds that the Indictment sufficiently tracks the statutory language as to Counts 1-4 and because the Indictment sufficiently pleads facts, which if proven, would amount to "official acts" under § 201(a)(3), the Defendant's Motion to Dismiss Counts 1-4 is DENIED as to Defendants Lee and Abdelqader.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:  December 19, 2016**

9